UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FRANZISKA ROESNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL METRO REALTY L.L.C. d/b/a CENTRAL METRO REALTY,<br><br>Defendant. | NO.<br><br>**COMPLAINT—CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Franziska Roesner, individually and on behalf of others similarly situated, alleges the following against Defendant Central Metro Realty L.L.C. d/b/a Central Metro Realty ("Central Metro Realty").

**I.  NATURE OF ACTION**

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant

COMPLAINT—CLASS ACTION - 1

here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (July 6, 2020).

2. Central Metro Realty provides real estate listing services and uses telemarketing to promote those services.

3. Those telemarketing efforts include the use of prerecorded messages to individuals, like Ms. Roesner, who have placed their residential telephone numbers on the National Do Not Call Registry.

4. Plaintiff now files this lawsuit seeking injunctive relief, requiring Central Metro Realty to stop placing unsolicited calls to cellular telephone numbers and residential telephone numbers listed on the National Do Not Call Registry, as well as an award of statutory damages and costs to class members.

## II. JURISDICTION AND VENUE

5. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

6. This Court has personal jurisdiction over Central Metro Realty, and venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant Central Metro Realty made the calls to Plaintiff, who is a resident of this District, in this District.

## III. PARTIES

7. Plaintiff resides in King County, Washington, as she did at all relevant times during the conduct alleged in this Complaint.

8. Defendant is a Texas limited liability company with its principal place of business located at 13497 N Hwy 183, Suite 700, Austin, Texas 78750. Central Metro Realty is a real estate brokerage based in Austin, Texas, that has been in business since 2008. Central

COMPLAINT—CLASS ACTION - 2

Metro Realty has hundreds of real estate agents across Texas, including Austin, Houston, San Antonio, and Dallas.

## IV.  TCPA BACKGROUND

**A.    The TCPA Prohibits Automated Telemarketing Calls**

9.     The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10.    The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B).  *See* 47 U.S.C. § 227(b)(3).

11.    According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12.    The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13.    In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on

COMPLAINT—CLASS ACTION - 3

behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**B.    The National Do Not Call Registry**

14.     Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

15.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

16.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

17.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**V.   FACTUAL ALLEGATIONS**

18.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19.     Plaintiff's telephone number, (512) XXX-3708, is assigned to a cellular telephone service.

20.     Plaintiff's telephone number, (512) XXX-3708, is used for residential purposes.

COMPLAINT—CLASS ACTION - 4

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

21. Plaintiff's telephone number, (512) XXX-3708, is not associated with a business.

22. Plaintiff's telephone number, (512) XXX-3708, has been registered on the National Do Not Call Registry since 2004.

23. On May 4, 2021, Plaintiff received a telemarketing call on her cellular telephone number, (512) XXX-3708, from, or on behalf of, Central Market Realty.

24. The caller ID showed the calls was from telephone number (512) 862-0509.

25. Plaintiff was not interested in Central Metro Realty's services.

26. Plaintiff has never been a Central Metro Realty customer and never consented to receive calls from Central Metro Realty.

27. Despite this, on June 14, 2021, Plaintiff received a second telemarketing call from Central Market Realty on her cellular telephone number, (512) XXX-3708.

28. The caller ID showed the call was from telephone number (512) 826-0509.

29. Plaintiff did not answer the June 14, 2021, call but the caller left a voicemail.

30. The voicemail consisted of the following prerecorded message:

> Some people think the best time to sell is when everyone else sells their home. We know the best time is now. Please stay with me. Hey, my name is Jeff Ellis. I don't believe we've actually ever met, but I work with Central Metro Realty, and I was just giving you a call today because we have a very unique situation today in our real estate market. Buyers are bidding over asking price for a lot of homes. There are almost no homes for sale or left for sale in the area. I haven't seen a market like this since 2006. Buyers are actually flying out to the area. So if by any chance you were thinking of selling now or even in the next 6 months, it might be the perfect time. Give me a call. I'm certain I can sell your home for more money than you ever thought you could in 30 days or less. I can be reached on my cell 512-296-6970. Have a good day. Oh, and if by chance your home is already listed for sale with another real estate agent, please disregard this message and best of luck. Again, I can be reached at 512-296-6970. Have a good day.

31. Central Market Realty is responsible for making the above-described prerecorded call.

COMPLAINT—CLASS ACTION - 5

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

32. Again, Plaintiff was not interested in Central Metro Realty's services.

33. The calls received by Plaintiff were sent to encourage the purchase of and investment in Central Metro Realty services.

34. These calls, therefore, qualified as telemarketing. 47 C.F.R. § 64.1200(f)(12).

35. Plaintiff and all members of the class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance. The calls also occupied Plaintiff's telephone line from legitimate communication.

36. Central Metro Realty utilized automated technology to make calls because it engaged in *en masse* calling.

37. Indeed, Central Metro Realty made a purchase of a list for marketing purposes from Roy Castner.

38. Mr. Castner's business, realtorringless.com, boasts that it can:

> put your message into 10,000 homes and guaranteed to deliver your voice message to each homeowner without ringing their phone for just .01 cent each. That's just $100 for 10,000 prospects. With our new technology, you can reach 18,000 prospects every hour with your solar or realtor message.

*See* https://www.linkedin.com/in/roy-castner-82619561/ (last visited July 23, 2021).

### VI. CLASS ACTION ALLEGATIONS

39. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

40. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

41. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number; (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call; (3)

COMPLAINT—CLASS ACTION - 6

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

using an identical or substantially similar prerecorded message used to place the telephone calls to Plaintiff; (4) within the four years prior to the filing of the Complaint.

**National Do Not Call Registry Class**: All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but received more than one telephone solicitation from or on behalf of Defendant (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

42. Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

43. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the class members.

44. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

45. This Class Action Complaint seeks injunctive relief and money damages.

46. The Class, as defined above, is identifiable through Defendant's dialer records, other telephone records, and telephone number databases.

47. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes each Class numbers, at minimum, in the hundreds of members.

48. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

49. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

50. There are well defined, nearly identical questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the Class claims predominate over questions that may affect individual Class members.

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

51. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

    a. Whether the Defendant made multiple calls to numbers on the National Do Not Call Registry;

    b. Whether Defendant used prerecorded messages to send calls;

    c. Whether Defendant made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    d. Whether Defendant's conduct constitutes a violation of the TCPA; and

    e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

52. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

53. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

54. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

55. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

56. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

COMPLAINT—CLASS ACTION - 8

**TURKE & STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(b) on behalf of the Robocall Class)**

57. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

58. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, and delivering prerecorded messages to the cellular telephone numbers of Plaintiff and members of the Robocall Class.

59. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Robocall Class presumptively are entitled to an award of $500 in damages for each and every call made to their cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

60. If the Defendant's conduct is found to be knowing or willful, Plaintiff and members of the Robocall Class are entitled to an award of up to treble damages.

61. Plaintiff and members of the Robocall Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

**SECOND CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. 227(c) on behalf of the National Do Not Call Registry Class)**

62. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

63. Defendant violated the TCPA and the National Do Not Call Registry regulations by making, or having their agent make, two or more telemarketing calls within a 12-month

COMPLAINT—CLASS ACTION - 9

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

period on Defendant's behalf to Plaintiff and members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

64. As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

65. Plaintiff and National Do Not Call Registry Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

66. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting the Defendant from advertising their goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any number using a prerecord message to cellular telephones in the future or from calling numbers on the National Do Not Call Registry;

B. That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes the Court deems appropriate,

COMPLAINT—CLASS ACTION - 10

TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703-3515
TEL. 608.237.1775 • FAX 608.509.4423
www.turkestrauss.com

finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Attorneys' fees and costs, as permitted by law; and

E. Such other relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 25th day of August, 2021.

TURKE & STRAUSS LLP

By: /s/ Samuel J. Strauss, WSBA #46971
Samuel J. Strauss, WSBA #46971
Email: sam@turkestrauss.com
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

*Attorneys for Plaintiff*

COMPLAINT—CLASS ACTION - 11